**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0741n.06

No. 11-5919

**FILED**

**_Jul 10, 2012_**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| W. REX DUFF, MD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| KENTUCKY BOARD OF MEDICAL | ) | DISTRICT OF KENTUCKY |
| LICENSURE, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |


BEFORE:  ROGERS and GRIFFIN, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  W. Rex Duff, M.D., appeals the district court's order dismissing his complaint, filed under 42 U.S.C. § 1983.

In May 2003, the Kentucky Board of Medical Licensure issued a complaint against Duff, charging him with violating Kentucky law by over-prescribing controlled substances to patients in his bariatric weight loss clinic and by failing to maintain sufficient documentation concerning his patients.  At the same time, the Board issued an emergency order suspending Duff's medical license.  Following a hearing, a hearing officer affirmed the order of suspension.  Duff appealed to the state trial court, which issued a temporary injunction enjoining enforcement of the emergency order of suspension.  The Kentucky Court of Appeals dissolved the injunction, however, and the Kentucky Supreme Court affirmed that decision.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In September 2004, an administrative hearing was held concerning the charges against Duff. The hearing officer recommended that the Board find Duff guilty of violating Kentucky law. In March 2005, the Board adopted the hearing officer's recommendations and entered a final order indefinitely restricting Duff's license to practice medicine in Kentucky. Duff sought review of the final order in the trial court, which denied him relief. The Kentucky Court of Appeals remanded the case to the Board, however, for a determination of whether Duff's actions concerning several of the patients at issue violated the law in effect at the time he treated them.

In March 2009, the Board remanded the case to the hearing officer to reevaluate the evidence in light of the decision of the Court of Appeals. The hearing officer determined that he could not proceed unless the Board resubmitted the case to its consultants for additional consideration. In June 2009, the Board declined to resubmit the case to its consultants and set aside the order that indefinitely restricted Duff's medical license.

In June 2010, Duff filed a § 1983 action against the Board and numerous individuals associated with it. Duff alleged that the defendants' actions leading up to the issuance of the emergency order suspending his medical license and the final order of indefinite restriction denied him due process and otherwise violated his rights. He sought monetary relief. The defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), and the district court dismissed the complaint as untimely. On appeal, Duff argues that his complaint was timely for two reasons: (1) the defendants engaged in continuing violations of his rights until the final order restricting his medical license was set aside; and (2) the limitations period did not commence until June 2009, when the state proceedings concerning his medical license ultimately concluded.

We review *de novo* a district court's determination that a complaint brought under § 1983 is untimely. *McNamara v. City of Rittman*, 473 F.3d 633, 636-37 (6th Cir. 2007). We must accept as true all well-pled factual allegations and construe the complaint liberally in favor of the plaintiff. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

The statute of limitations applicable to a § 1983 claim brought in Kentucky is one year. *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007). Generally, the limitations period commences when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Id.*

Because Duff's claims are based on the defendants' actions culminating in the final order restricting his medical license, his claims accrued, at the latest, in March 2005. As a result, his complaint, filed in 2010, is untimely. Duff cannot rely on the "continuing violations" doctrine because it applies only when there are continued unlawful acts, not merely continued ill effects from the original violation. *See Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Duff failed to allege facts demonstrating that the defendants engaged in unlawful acts after entering the final order restricting his medical license. Additionally, Duff is not entitled to tolling of the limitations period or a later accrual date for his claims based on his attempts to obtain relief in state court or the possibility that the district court would have stayed a § 1983 action pending the outcome of the state proceedings. *See Kovacic*, 606 F.3d at 308; *Eidson*, 510 F.3d at 641.

Accordingly, we affirm the district court's order.